16-1284
Jacobo-Melendres v. Sessions

BIA
Straus, IJ
A205 412 174

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of October, two thousand seventeen.

PRESENT:
>    JOSÉ A. CABRANES,
>    DENNY CHIN,
>    SUSAN L. CARNEY,
>        *Circuit Judges.*

_____

GILDA JACOBO-MELENDRES,
>        *Petitioner,*

v.                                                  16-1284
                                                    NAC
JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
>        *Respondent.*

_____

FOR PETITIONER:              Jon E. Jessen, Stamford, CT.

FOR RESPONDENT:              Chad A. Readler, Acting Assistant
                             Attorney General; Keith I. McManus,
                             Assistant Director; Jessica E.
                             Burns, Senior Litigation Counsel,
                             Office of Immigration Litigation,
                             United States Department of Justice,
                             Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED in part and GRANTED in part.

Petitioner Gilda Jacobo-Melendres, a native and citizen of Guatemala, seeks review of a March 24, 2016 decision of the BIA affirming a September 29, 2014 decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Gilda Jacobo-Melendres,* No. A205 412 174 (B.I.A. Mar. 24, 2016), *aff'g* No. A205 412 174 (Immig. Ct. Hartford Sept. 29, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). The agency did not err in finding that Jacobo-Melendres failed to satisfy her burden of proof for asylum and withholding of removal, but it did err by failing to fully consider evidence material to her CAT claim.

Asylum and Withholding of Removal

In order to demonstrate eligibility for asylum and withholding of removal, "the applicant must establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i); *see* 8 U.S.C. § 1231(b)(3)(A); *Matter of C-T-L-*, 25 I. & N. Dec. 341, 348 (B.I.A. 2010). To constitute a particular social group, a group must be: "(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (B.I.A. 2014); *see also Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 72-74 (2d Cir. 2007)(*per curiam*). The agency did not err in finding that Jacobo-Melendres's proposed social group of "unmarried Guatemalan young women who refuse to be the victims of gang stalking and harassment and to enter into a forced relationship with gang members" was not cognizable. Pet'r's Br., Addendum at 3.

Jacobo-Melendres failed to demonstrate that her proposed group was socially distinct in Guatemalan society. The country conditions evidence discusses widespread violence against

3

women in Guatemala, but it does not mention that unmarried women who refuse the advances of gang members are perceived as a distinct social group in society or are at greater risk than anyone who refuses to comply with a gang member's criminal demands.  *See Ucelo-Gomez*, 509 F.3d at 73 ("When the harm visited upon members of a group is attributable to the incentives presented to ordinary criminals rather than to persecution, the scales are tipped away from considering those people a 'particular social group' within the meaning of the INA."); *Matter of A-M-E & J-G-U-*, 24 I. & N. Dec. 69, 74-75 (BIA 2007) (holding that the group of "wealthy Guatemalans" failed the social distinction requirement because it would not be recognized as a group at a greater risk of crime, extortion, or robbery).  Moreover, Jacobo-Melendres testified that she was harassed, stalked, and attacked because a gang member was interested in having a relationship with her, but she did not assert that he or anyone else targeted her based on her membership in a group of similarly situated individuals who had refused the advances of gang members.  *See In re M-E-V-G-*, 26 I. & N. Dec. at 232 ("[A] 'particular social group' cannot be defined exclusively by the claimed persecution, . . . it must be 'recognizable' as a discrete group by others in the society,

4

and . . . it must have well-defined boundaries.").

Nor did Jacobo-Melendres establish that she was targeted on account of an imputed anti-gang political opinion. To demonstrate that persecution or a well-founded fear of persecution is on account of an applicant's political opinion, the applicant must "show, through direct or circumstantial evidence, that the persecutor's motive to persecute arises from the *applicant's* political belief," rather than merely by the *persecutor's* opinion. *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 (2d Cir. 2005) (emphasis added). The persecution may be on account of an opinion imputed to the applicant by the persecutor, regardless of whether or not this imputation is accurate. *See Chun Gao v. Gonzales*, 424 F.3d 122, 129 (2d Cir. 2005). Jacobo-Melendres did not assert a political opinion claim in her asylum application, and she testified that the gang member targeted her based solely on his interest in having a relationship with her. Without any direct or circumstantial evidence to support a claim that she was targeted or would be targeted her on account of her political opinion, imputed or otherwise, the BIA did not err in finding that she failed to establish her eligibility for asylum or withholding of removal on that ground. *See Yueqing Zhang*, 426 F.3d at 545.

Accordingly, because Jacobo-Melendres failed to establish that her past harm or fear of future harm were on account of a protected ground as required for asylum and withholding of removal, we deny the petition for review to this extent. *See* 8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(A).

Convention Against Torture

To receive withholding or deferral of removal under the CAT, an applicant must "establish that it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2). Unlike asylum and withholding of removal, CAT relief does not require a nexus to any ground. *See id.* "Torture is defined as any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person . . . by or . . . with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1); *see Pierre v. Gonzales*, 502 F.3d 109, 114, 118 (2d Cir. 2007); *Khouzam v. Ashcroft*, 361 F.3d 161, 171 (2d Cir. 2004) ("[T]orture requires only that government officials know of or remain willfully blind to an act and thereafter breach their legal responsibility to prevent it.").

The agency provided insufficient analysis for its

6

conclusion that Jacobo-Melendres failed to demonstrate a likelihood of torture or that Guatemalan officials would acquiesce in her torture.  *See Poradisova v. Gonzales*, 420 F.3d 70, 77 (2d Cir. 2005) (explaining that "we require a certain minimum level of analysis from the IJ and BIA opinions . . ., and indeed must require such if judicial review is to be meaningful").  In assessing whether an applicant has satisfied her burden of proof, the agency must consider all evidence relevant to the possibility of future torture, including evidence of past torture, "[e]vidence that the applicant could relocate to a part of the country of removal where . . . she is not likely to be tortured, . . . [e]vidence of gross, flagrant or mass violations of human rights within the country of removal," and other relevant information on country conditions. 8 C.F.R. § 1208.16(c)(3).

In the context of denying CAT relief, the agency failed to analyze any of the material evidence.  That evidence included the following: Jacobo-Melendres's testimony that a gang member in Guatemala stalked and harassed her almost daily for four months and attempted to kidnap her on one occasion in 2012; her testimony that the gang member continues to call her cell phone (which she left with her mother in Guatemala); her testimony

that she did not trust the police to help her; letters from her mother, sister, and sister's father-in-law corroborating her claim; and country reports reflecting that rape, sexual offenses, and femicide are serious problems in Guatemala and that impunity for the perpetrators of such crimes remains extremely high because police are not equipped to investigate or assist victims. Given the agency's failure to explain its CAT ruling or analyze any of this evidence, we grant the petition to this extent and remand for further consideration of the CAT claim. *See* 8 C.F.R. § 1208.16(c); *see also Poradisova*, 420 F.3d at 77.

For the foregoing reasons, the petition for review is DENIED in part and GRANTED in part and REMANDED for further proceedings consistent with this order. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

8